IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

KEVIN CORLEY

vs.                                        CIVIL ACTION _____
                                           JURY REQUESTED


RAILSERVE, INC.


PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### A. PARTIES

1. Plaintiff, Kevin Corley, is an individual who is a resident and citizen of the State of Texas.

2. Defendant, Railserve, Inc., is a business corporation that has its principal place of business in Longview, Gregg County, Texas.   Defendant can be served by and through its Registered Agent, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### B. JURISDICTION

3. This Court has jurisdiction over this suit because the action arises under the Family and Medical Leave Act of 1933 (FMLA), 29 U.S.C. §2601 et seq.  In addition jurisdiction is conferred upon this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1337.  This action arises in part under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

### C. FMLA COVERAGE

**PLAINTIFF'S COMPLAINT**
**Page 1**

4. Plaintiff was employed by Defendant from on or about June of 2008 to March 19, 2012.

5. Plaintiff is covered by the FMLA because prior to March 19, 2012, he had been employed by Defendant for at least 12 months and has at least 1250 hours of service during the 12 month period immediately preceding the commencement of his FMLA leave in question.

6. Defendant is covered by the FMLA because it is engaged in commerce or in an industry affecting commerce and employs 50 or more employees for each working day during 20 or more calendar weeks in the current or preceding calendar year.

7. The supervisors of Plaintiff, John Kinkaid and Bobby Ross, had the normal and habitual practice of calling Plaintiff "dickhead" during his employment with Defendant.  Said practice became so common that fellow employees started calling Plaintiff "dickhead".

8.   In February of 2012, the defendant sent an IT guy to Longview, Texas to work on the computers, which he ended up erasing the control program.  Plaintiff informed Bobby Ross of what had occurred.   As a result of the loss of the program John Kincaid started yelling and screaming at Plaintiff.  Plaintiff was required to sit and start imputing into the computer with John Kincaid behind Plaintiff opening and closing a knife.

9.   As a result of the pressure caused by the Defendant's employees, Plaintiff became light headed, and his blood pressure escalated to the point that Plaintiff was on the verge of a stroke.   As a result of Plaintiff's serious health condition, Plaintiff requested and received FMLA on or about February 17, 2012.

10.  Plaintiff returned from FMLA on March 19, 2012, and was promptly terminated on

**PLAINTIFF'S COMPLAINT**
**Page 2**

the same day.

11.  Defendant stated the reason for termination was the inability to complete a project by March 20, 2012; however, Plaintiff was terminated prior to the time that had been allowed for Plaintiff to complete said project.   Defendant's reason(s) for termination is unfounded, and the real reason for Plaintiff's termination is in violation of the FMLA.

## D. FLSA COVERAGE

12. During his employment with Defendant was improperly classified as an exempt employee under the Fair Labor Standards Act of 1938.   Defendant required and/or permitted Plaintiff work in excess of forty (40) hours per week, but refused to compensate him for such hours at the overtime rate required under the Fair Labor Standards Act ("FLSA").  Defendant's conduct violated the FLSA, which requires non-exempt employees to be compensated for overtime work at the FLSA-mandated overtime wage rate.  See 29 U.S.C.  §207(a).   Defendant has failed to pay Plaintiff for continuous workday activities which are integral and indispensable to his principal activities.

13. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C.  §1331.

14. Defendant is an employer and enterprise as those terms are defined by the FLSA.

15. At all times relevant hereto, Defendant has been an enterprise engaged in commerce and/or in the production of goods for commerce, as those terms are defined by the FLSA.

16. At all times relevant hereto, Defendant has been an employer subject to the wage and hour provisions of the FLSA.

17. Defendant has repeatedly and willfully violated, and continues to willfully violate, Sections 6 and 7 of the FLSA by failing to Plaintiff and other similarly situated employees, or former employees, for the hours worked by such employees, including (1) failing to pay Plaintiff's straight time for certain hours subsumed within the forty (40) hour work week ("straight time") and (2) failing to pay Plaintiff for hours in excess of forty (40) hours per week at a rate not less than one and one-half times the regular hourly rate of pay at which such employees are compensated ("overtime") 29 U.S.C. § 206, 29 U.S.C. §207.

## FACTS

18. Defendant is a provider of in-plant rail switching and associated services, which includes rail car moving, rail car loading, rail car unloading, track maintenance, and inspection.

19. Plaintiff's job position was in the electrical team which required him in part to keep track of electrical prints, wiring diagrams, manuals and supporting documentation for the conversion of the GG locomotives.

20. Plaintiff's job duties did not qualify Plaintiff for an executive exemption.

## PRAYER

For the reasons stated above, Plaintiff ask for judgment against Defendant for the following:

(a) Salary and employment benefits denied to Plaintiff since March 20, 2012;

(b) Liquidated damages equal to the sum of the amount described in (a) above;

(c) Reinstatement to the position at the time of Plaintiff's termination;

(d) Ordering the defendant to pay the Plaintiff compensation due as a result of the Defendant's

violation of the FLSA;

(e) Ordering Defendant to pay the Plaintiff liquidated damages pursuant to the FLSA;

(f) Ordering Defendant to Plaintiff's costs of court in this action;

(g) Ordering Defendant to pay Plaintiff's reasonable attorney fees and litigation expenses/costs,

including expert fees and expenses; and

(h) Providing such other and further relief as is just and necessary.


Respectfully submitted,

_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
Suite 808, 102 N. College
Tyler, Texas 75702
(903)593-5588
Attorney for Plaintiff

**PLAINTIFF'S COMPLAINT**
**Page 5**